IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MITCHELL BRACKNELL § | 2006 MAR 23 P 2: 29 |
| § | |
| PLAINTIFF § | JURY TRIAL DEMANDED |
| § | |
| VS § | CASE NO. 2:06CV268-1DEM |
| § | |
| THE CITY OF MONTGOMERY § | |
| ALABAMA; a municipality; Unknown § | |
| Policeman; an individual; § | |
| and A-Z the person, firm, § | |
| or corporation whose names and § | |
| addresses are unknown to the Plaintiff § | |
| at this time but are liable to the Plaintiff § | |
| for the claims made herein § | |
| and will be added by amendment § | |
| when ascertained by Plaintiff. § | |
| § | |
| DEFENDANTS § | |

## COMPLAINT

COMES NOW, the Plaintiff Mitchell Bracknell, in the above styled case and makes claim against the City of Montgomery, Alabama and its Police Department employees through the City of Montgomery, Alabama as follows:

1

## JURISDICTION

This Court has jurisdiction of this case pursuant to 42 U.S.C. §§1983;1988;28 U.S.C. §§1331, 1343 (a) ( 3 & 4) and the Fourth Amendment and Fourteenth Amendment of the United States Constitution. The Plaintiff also requests this Honorable Court to accept pendent jurisdiction of any and all claims arising out of state law pursuant to 28 U.S.C. §1367.

## PARTIES

1.      The Plaintiff, Mitchell Bracknell, hereinafter referred to as Bracknell or Plaintiff is over the age of nineteen and a resident of Montgomery, Alabama.

2.      The first Defendant is an incorporated municipality existing in Montgomery County, Alabama and subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983, herein after referred to as "Defendant" or "City".

3.      The second Defendant is an individual employed by the City of Montgomery Police Department hereinafter referred to as Unknown Policeman who at the time of this filing has not been identified but is over the age of nineteen and subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983.

4.      Fictitious Co-Defendants, A, B, C, D, E, F, G, H. I, J, K, L, M, N, O, P,Q,R,S,T,U,V,W,X,Y, and Z as designated in the caption of this Complaint and otherwise, are those persons, corporations, and other legal entities that caused, contributed to or conspired to have caused injury or damage to the Plaintiff and/or who are legally responsible for the injuries and damages to the Plaintiff and whose true and correct names are unknown at present but will be added by amendment when ascertained.

## FACTS

5. On February 25, 2006 the Plaintiff was at home in his residence located at 649 Chisholm Street in Montgomery, Alabama.

6. At approximately 7:00 PM, Bracknell and his wife began an argument between themselves. Mitchell Bracknell chose to depart the residence without any act of violence to anyone.

7. Later Defendant Unknown Policeman was looking for the person who departed 649 Chisholm Street in Montgomery, Alabama with his service weapon drawn and his flashlight on. Upon viewing Bracknell, Defendant Unknown Policeman gave no warning and did instantly shoot Bracknell in the neck area and the bullet continued into the body of Bracknell lodging against the shoulder blade of Bracknell. Bracknell had made no act of aggression against anyone and was unarmed at all times. Plaintiff Bracknell was not running, and was on his knees in a bush when shot by Defendant Unknown Policeman who was approximately ten (10) feet away from Plaintiff Bracknell. The Plaintiff avers that the actions and conduct of Unknown Policeman was a consequence of a policy and practice of the City of Montgomery, Alabama by and through its police department to violate the Constitutional rights of citizens of the State of Alabama.

8. The Police were not informed of any violent crime in progress, Plaintiff Bracknell was not accused of and not a suspect of any allegation of murder, rape, arson, or any felony related to a violent crime. Plaintiff Bracknell was not a threat to the police as he was on his knees when shot and the shooting of Plaintiff Bracknell was without justification. Plaintiff Mitchell Bracknell did not resist arrest and was not given the opportunity by Defendants to surrender when confronted by Defendant Unknown Policeman.

9. Plaintiff Mitchell Bracknell was taken to a local hospital and kept hand cuffed to a bed for two days with police guarding him in his room. Thereafter, he was taken to jail with the bullet is his body and in great pain from his gunshot wound. He was released on a bond and was charged with two misdemeanor offenses as a result of a statement generated by police and signed under protest by Mrs. Bracknell.

10. The shooting of Plaintiff Mitchell Bracknell constituted a seizure with deadly force, was unjustified, and in violation of his Fourth and Fourteenth amendment rights.

11.     Plaintiff Mitchell Bracknell has suffered disfigurement of his person, loss of income, suffered much pain, is caused to purchase medical services, is caused to purchase medicine, is partially disabled, will continue to suffer pain in the future, will continue to suffer loss of income in the future, has been traumatized by police, has been wrongfully arrested, shot with a deadly weapon, suffered life threatening injuries, humiliated in a public place, made to suffer emotional distress, and has had his civil rights violated.

### COUNT ONE
### 42 U.S.C. SECTION 1983
### VIOLATION OF CIVIL RIGHTS

12.     Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

13.     All citizens are entitled to protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.

14.     The actions of the Defendants named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful use of deadly force as a seizure upon the person of the Plaintiff without cause or justification.

15.     The actions of Defendants named in this action have violated and deprived Plaintiff of his Fourteenth Amendment rights in that the use of deadly force violate Plaintiff's rights of due process.

WHEREFORE, Plaintiff demands compensation damages, punitive damages as a jury deems reasonable, attorney's fees, plus costs.

## COUNT TWO
## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS

16. Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

17. All citizens possess protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.

18. The actions of the Defendants named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful use of deadly force as a seizure upon the person of the Plaintiff without cause or justification.

19. As a result of the actions of Defendants, Plaintiff has been injured and damaged as described in paragraph eleven above.

WHEREFORE, Plaintiff demands compensation damages, punitive damages as a jury deems reasonable, attorney's fees, plus costs.

## COUNT THREE
## VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

20. Plaintiff realleges the prior paragraphs into this count as if stated herein in full.

21.     As a result of Defendant City of Montgomery's negligent training of its police officers, Defendants' actions against Bracknell were intentional in that Unknown Policeman intended to shoot Plaintiff, cause harm, injure and or cause death to Plaintiff. Unknown Policeman and others did chase, hunt, pursue, and intend to seize Plaintiff with disregard of Plaintiff's rights, safety, and due process. Unknown Policeman's actions prevail in an action of conscious disregard for the consequences to Plaintiff in violation of Plaintiff's Fourteenth Amendment Rights.

22.     Defendants actions were unreasonable and unjustified.

23.     Plaintiff has been injured and damaged as described above as a result of the intentional actions of Defendants.

WHEREFORE, Plaintiff demands compensation damages, punitive damages as a jury deems reasonable, and such other and different relief as this Court deems proper, plus costs.

## COUNT FOUR
## NEGLIGENCE

24.     Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

25.     Unknown Policeman is a trained policeman and was acting in his official capacity as a policeman employed by the Defendant City of Montgomery. Defendant City of Montgomery, who trained and employed Unknown Policeman for many years, did entrust Unknown Policeman with the duty to use his training and follow policy in all matters related to his training in protecting the public at large and its citizens. Defendants Unknown Policeman and the City of Montgomery further have a duty to the public in the use of deadly force upon citizens.

26. Unknown Policeman and others yet unknown to Plaintiff at this time but are liable to Plaintiff conducted themselves in a manner below that standard of care inadvertently and with indifference in the seizure of Bracknell and did breach the duty owed to Bracknell and the public at large.

27. As a result of the breach of the duty owed to Bracknell by Defendants, Bracknell has been injured and damaged.

28. Plaintiff Bracknell has been injured and damaged as stated in paragraph eleven above.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama 11-47-190, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

## COUNT FIVE
## NEGLIGENT TRAINING

29. Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

30. Defendant City of Montgomery has a duty to train its policemen in all aspects of the use of deadly force against the public at large.

31. Defendant City of Montgomery failed in its duty to train Defendant Unknown Policeman appropriately under the circumstances in the use of deadly force and the events surrounding the arrest and seizure of Plaintiff.

32. As a result of the failure of the Defendant City of Montgomery's to properly train Defendant Unknown Policeman, Plaintiff Bracknell has been injured and damaged.

33.     Plaintiff has been injured and damaged as stated in paragraph eleven above.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama 11-47-190, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

## COUNT SIX
## WANTONNES

34.     Plaintiff realleges the prior paragraphs into this count as if stated herein in full.

35.     As a result of Defendant City of Montgomery's negligent training of its police officers, Defendants' actions against Bracknell were intentional in that Unknown Policeman intended to shoot Plaintiff, cause harm, injure and or cause death to Plaintiff. Unknown Policeman and others did chase, hunt, pursue, and intend to seize Plaintiff with disregard of Plaintiff's rights and safety. Unknown Policeman's actions prevail in an action of conscious disregard for the consequences to Plaintiff.

36.     Defendants actions were unreasonable and unjustified in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

37.     Plaintiff has been injured and damaged as described above as a result of the intentional actions of Defendants.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama 11-47-190, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

## COUNT SEVEN
## WILLFULNESS

38. Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

39. Defendants' actions against Bracknell were intentional in that Unknown Policeman intended to shoot Plaintiff, cause harm, injure and or cause death to Plaintiff. Unknown Policeman and others did intentionally chase, hunt, pursue, and intend to seize by the use of deadly force, the Plaintiff. Unknown Policeman's actions and others, prevail in an action of conscious disregard for the consequences to Plaintiff and did intend to cause serious bodily harm or death to Plaintiff by shooting Plaintiff with a deadly weapon.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama 11-47-190, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

## COUNT EIGHT
## EMOTIONAL DISTRESS

40. Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

41. The Plaintiff avers that the Defendants' negligent, wanton, and willful conduct was beyond the pale of human decency and as a result thereof caused the Plaintiff to suffer severe emotional distress.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama 11-47-190, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

                                              /s/ J. Scott Hooper
                                              J. Scott Hooper, Attorney for Plaintiff

of counsel:
The Hooper Law Firm, PC
P.O. Box 230894
Montgomery, AL 36123-0894
334-271-1555 Office
334-271-1552 Facsimile
jshooper@knology.net

## JURY DEMAND VENUE AND JURISDICTION

Plaintiff demands trial by jury on all counts of this action. This court has jurisdiction of the subject matter of this claim and the parties named herein and venue is proper.

                                              /s/ J. Scott Hooper
                                              J. Scott Hooper, Attorney for Plaintiff