**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL BRACKNELL,  <br><br>      Plaintiff,  <br><br>vs.  <br><br>THE CITY OF MONTGOMERY, a municipality; UNKNOWN POLICEMAN, an individual; and A-Z,  <br><br>      Defendant | )  Case No.: 2:06-CV-268-D  <br>)  <br>)  **CITY OF MONTGOMERY'S MOTIONS**  <br>)  **FOR MORE DEFINITE STATEMENTS**  <br>)  **AND MOTION TO DISMISS COUNT III**  <br>)  <br>)  <br>)  <br>)  <br>)  <br>)  <br>) |

COMES NOW the City of Montgomery, by and through undersigned counsel, and moves this Honorable Court to grant its motions for more definite statements in accordance with Rule 12(e) Fed.R.Civ.P. with regard to the counts addressed herein below and to dismiss Count III of the Complaint in accordance with Rule 12(b)(6), or, alternatively, to order a more definite statement for said count under Rule 12(e) Fed.R.Civ.P.

**FICTITIOUS PARTY PLEADING**

1. The Complaint filed in the above-styled case alleges causes of action against the City of Montgomery, Unknown Police Officer, and Fictitious Defendants A through Z. The City of Montgomery avers that fictitious party practice is not permitted under the Federal Rules of Civil Procedure. New v. Sports & Recreation, Inc., 114 F. 3d 1092, 1094 n.1 (11th Cir 1997); Edwards v Alabama Department of Corrections, 81 f. Supp. 2d 1242, 1257 (M.D. Ala. 2000); Rommell v. Auto Racing Club of America, Inc., 964 F.2d 1090, 1098 n.14 (11th Cir.1992). To the extent that such fictitious parties may be employees or agents of the City of Montgomery, the City of Montgomery objects to the pleading of fictitious parties and moves this Court to dismiss the

claims against the said unknown individual for failure to state a claim upon which relief may be properly granted. Rule 12(b)(6) Fed.R.Civ.P.

## COUNT I

2. In Count I of the Complaint filed in the above-styled case Plaintiff alleges a cause of action under 42 U.S.C. §1983 for violation of his Fourth Amendment rights against unreasonable seizure. Throughout Count I, Plaintiff alleges this cause against "Defendants named in this action." *Complaint, Doc. 1, p.5, items 14-15.* Since one of the defendants named is a municipality, and different elements of proof and, consequently, different defenses apply for §1983 cases against municipalities, it is impossible for the City of Montgomery to properly frame a responsive pleading without knowing, more definitively, what, if any, cause of action is being alleged against it in Count I. Wherefore, the City of Montgomery moves this Honorable Court to require the plaintiff to allege a more definite statement under Rule 12(e) Fed.R.Civ.P. as to whom the cause is alleged against.

## COUNT II

3. Counts II of the Complaint alleges violations of the plaintiff's Fourth Amendment rights against unreasonable seizure. Plaintiff does not, however, state which statutory or other provision of law he purports to travel under and, how, if at all, this cause of action differs from that alleged in Count I. Furthermore, the plaintiff alleges these actions against "Defendants" without defining which defendant or defendants committed the alleged acts. *Complaint, Doc. 1, p.6, items 17-18.* As such, the City of Montgomery cannot properly frame a responsive pleading and assert its defenses until it knows, more specifically, which cause of action it is defending and against whom the action is alleged. Wherefore, the City of Montgomery moves this Honorable Court, under the provisions of Rule 12(e) Fed.R.Civ.P., to require the plaintiff to allege a more definite statement under Count II of his Complaint.

**COUNT III**

4. Count III of the Complaint alleges violations of the plaintiff's Fourteenth Amendment right to due process. Here again, the plaintiff fails to allege which statute or other provisions gives him the right to bring the action for the violation, and, more importantly, which statute or other provision of law gives him the right to damages in the enforcement of said right. It is unclear whether or not the plaintiff seeks to proceed under a civil rights theory or not, and the answers and defenses to the claim are dependent upon these factors.

5. If the plaintiff seeks redress under a civil rights theory of excessive force, the United States Supreme Court has made an explicit finding that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989) (emphasis in original). As such, the City of Montgomery asserts that the claim is not one upon which damages may granted as the facts are pled, and moves this Honorable Court to dismiss Count III pursuant to Rule 12(b)(6) Fed.R.Civ.P. Alternatively, the City of Montgomery moves this Honorable Court to order a more definite statement under Rule 12(e) Fed.R.Civ.P.

**COUNT IV**

6. Item 24 in Count IV of the Complaint states that the City of Montgomery did "entrust" the unknown officer with certain duties while the officer himself conducted himself "in a manner [that is] below [the] standard of care" required. *Complaint, Doc. 1, p.7-8, items 25-26.* In the claim for relief under Count IV, the plaintiff demands judgment under §11-47-190 Ala. Code. (1975), which provides that,

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefore and while acting in the line of his or her duty,

As the claim is pled the City is unable to determine whether the plaintiff is alleging a direct negligence claim against the officer and attempting to make the city liable vicariously, or whether he is alleging a negligent entrustment claim directly against the City of Montgomery. The City, therefore, is unable to properly frame a responsive pleading to Count IV and moves this Honorable Court to order the plaintiff to make a more definite statement under Rule 12(e) Fed.R.Civ.P.

## COUNT VI

7. The heading for Count VI is entitled "Wantonness." *Complaint, Doc. 1, p.9*. In the body of Count VI, however, the plaintiff fails to mention wantonness. He alleges that "as a result of Defendant City of Montgomery's negligent training of its police officers, Defendants' actions against Bracknell were intentional in that Unknown Policeman intended to shoot Plaintiff . . . and intended to seize Plaintiff with disregard of the Plaintiff's rights and safety;" that "[u]nknown Policeman's actions prevail in an action to conscious disregard for the consequences to Plaintiff." *Complaint, Doc. 1, p.9, items 35*.

8. Furthermore, in the claim for relief under Count VI, the Plaintiff asks for relief under §11-47-190 Ala. Code (1975). The Alabama Supreme Court has held that "Section 11-47-190 limits the liability of municipalities to injuries suffered through 'neglect, carelessness or unskillfulness.' To construe this statute to include an action for wanton conduct would expand the language of the statute beyond its plain meaning." Hilliard v. City of Huntsville, 585 So.2d 889, 892 (Ala.,1991) *citing* Neighbors v. City of Birmingham, 384 So.2d 113 (Ala.1980).

-4-

9. Given the language in the body of Count VI, the City of Montgomery cannot determine which cause of action, if any, is being pled and against whom it is intended. As such, it cannot properly frame a responsive pleading to the charge. It moves this Honorable Court, therefore, for an order requiring of the plaintiff a more definite statement under 12(e) Fed.R.Civ.P. or, in the alternative, to dismiss Count VI altogether for failure to state a claim upon which relief may be granted. 12(b)(6) Fed.R.Civ.P.

### COUNT VII

10. Despite bearing the heading "willfulness," Count VII bears language which seems to allege that the "Defendants" are guilty of some "intentional" tort without stating which tort he is alleging or against which defendant the claim is lodged (item 39 refers to "Unknown Policeman and others"). *Complaint, Doc. 1, p.10, items 39.* Here again, Plaintiff asks for relief under §11-47-190 Ala. Code (1975), which statute limits the liability of municipalities to the "neglect, carelessness or unskillfulness" of its agents. The City cannot frame a response to the claim as plead and moves this Honorable Court to require a more definite statement from Plaintiff.

### COUNT VIII

11. Count VIII seems to be attempting to make a claim under the state law tort of outrage. The claim, however, is not plead as such, does not contain the elements required, and, again, asks for damages under a statute which has been interpreted to shield municipalities from liability from intentional torts. The City of Montgomery, therefore, prays that this Honorable Court will either dismiss the count for failure to state a claim upon which relief may be granted under 12(b)(6) Fed.R.Civ.P. or, in the alternative, to require the plaintiff to allege a more definite statement under 12(e) Fed.R.Civ.P. such that the City of Montgomery can frame a responsive pleading.

WHEREFORE, the above premises considered, the City of Montgomery prays that this Honorable Court to will grant its various motions for more definite statements as set out above in accordance with Rule 12(e) Fed.R.Civ.P., or alternatively to dismiss the appropriate counts as set out above pursuant to 12(b)(6); to dismiss Count III of the Complaint in accordance with Rule 12(b)(6), or, alternatively, to order a more definite statement for said count under Rule 12(e) Fed.R.Civ.P.

Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills (MIL 090),
Attorney for the City of Montgomery

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, AL 36123-0894

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, AL 36123-0894

/s/ Wallace D. Mills
OF COUNSEL