IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **Mitchell Bracknell** | \* | |
| | \* | |
| v. | \* | Civil Case No. 2:06-CV-268-D |
| | \* | |
| **City of Montgomery Alabama; and** | \* | |
| **Officer Don Favor,** | \* | **JURY TRIAL DEMANDED** |
| **In his individual capacity,** | \* | |
| **Defendant.** | \* | |

**AMENDED COMPLAINT**

COMES NOW Plaintiff Mitchell Bracknell, by and through his attorney, and amends the original complaint in its entirety and substitutes the same for this amended complaint as a more definite statement of the issues and would show unto the Court as follows:

**JURISDICTION AND VENUE**

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

3. Plaintiff Mitchell Bracknell, is and at all times material hereto a citizen of the United States and the State of Alabama, residing in the City of Montgomery, Alabama in Montgomery County, Alabama.

4. Defendant Officer Don Favor (hereinafter, "Favor"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City of Montgomery Police Department and is a person whose conduct proximately and directly harmed Plaintiff.

5. Defendant, The City of Montgomery, is an incorporated municipality existing in Montgomery County, Alabama and subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983, herein after referred to as "Defendant" or "City".

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. On or about February 25, 2006, without probable cause or justification of any sort, defendant Favor, officer, agent, or employee of Montgomery Police

        Department, did shoot Plaintiff in the neck and chest area such that Plaintiff was seriously injured with life threatening injuries.

9. At the time Defendant attacked Plaintiff; Plaintiff was not under arrest and was not committing any violation of law that would justify the use of deadly force against Plaintiff and seizure by using deadly force against the Plaintiff.

10. Plaintiff was caused to suffer severe injuries requiring the attention of a physician for an extended period of time and is continuing today.  These injuries resulted in permanent harm to Plaintiff.

## CAUSES OF ACTION

11. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

12. At all times material hereto, Favor was acting as a law enforcement officer pursuant to State statute and the ordinances, customs, and policies of the Montgomery Police Department.

13. Plaintiff had a protectible interest in his freedom under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff further had a right under

the Fourth and Fourteenth Amendments to the United States Constitution to be secure in his person against unreasonable searches and seizures and to be free from the use of unreasonable and excessive force.

14. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

15. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

16. Defendant Favor assaulted and battered Plaintiff without justification of any sort and subjected him to unreasonable and excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  The purpose of the assault and battery was to punish Plaintiff without according him due process of law in violation of the Fourteenth Amendment to the United States Constitution.

17. Plaintiff's rights under the Fourth and Fourteenth Amendments were thus impermissibly abridged and violated.

18. The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to experience great pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## **COUNT II – NEGLIGENCE by DEFENDANT FAVOR**

19. The aforementioned conduct by Defendant Favor constituted negligent behavior in that Defendant owed a duty to Plaintiff to conduct himself in such a way as to avoid harming Plaintiff.

20. In engaging in the conduct he did, as more fully set forth and described herein, Defendant was neglectful, careless, and unskillful as compared to reasonable law enforcement officers.

21. Defendant Favor negligently assaulted and battered Plaintiff.

22. The said negligent conduct was the proximate cause of injuries to Plaintiff in that Plaintiff was subjected to physical pain and suffering and great emotional distress and mental anguish.

23. Plaintiff has been injured and damaged as a direct and proximate result of Defendant Favor's conduct and the Defendant City of Montgomery's conduct.

## COUNT III – NEGLIGENCE by DEFENDANT CITY OF MONTGOMERY

24. Defendant City of Montgomery negligently trained and supervised Defendant Favor thereby causing Defendant Favor to act in an unlawful manner.

25. Defendant City of Montgomery has a duty to the public at large to train its police officers and supervise the same in accordance with its policies and procedures for the safety of the public.

26. Said Defendant City of Montgomery breached its duty by negligently training Defendant Favor and further breached its duty to supervise Defendant Favor by allowing Favor to commit the crimes against Plaintiff as stated herein.

27. Plaintiff has been injured and damaged as a direct and proximate result of Defendant City's conduct.

28. As a result of the breach of duty to Plaintiff by Defendant City of Montgomery, Plaintiff has been made to suffer great pain, emotional distress, mental anguish, has been made to purchase medical services and medicine, has been disabled, is unable to work, will have to undergo surgery to remove the bullet that remains in his body, and is not able to work as before the unlawful shooting upon his body by Defendant Favor and the negligent training and supervision of Defendant Favor by Defendant City of Montgomery.

### COUNT IV – ASSAULT AND BATTERY

29. On the date and at the time of the conduct made the subject of this action, the Defendant Favor shot Plaintiff with a deadly weapon with the intent to cause sever injury or death upon Plaintiff, in rudeness, in anger, or in a hostile manner, by touching his person with deadly force.

30. Plaintiff suffered damages as otherwise herein described as a direct and proximate result of the assault and battery by the defendant.

### PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief as follows:

I. Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USCA § 1983;

II.     Grant Compensatory damages in favor of Plaintiff as against Defendants in an amount to be determined by this Honorable Court or the trier of fact;

III.    Grant Punitive damages to Plaintiff against Defendants in an amount to be determined by this Honorable Court or the trier of fact;

IV.     Grant Plaintiff the cost of this action including reasonable attorneys' fees;

V.      Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the __26th___ day of April, 2006.

/s/ J. Scott Hooper
J. Scott Hooper
The Hooper Law Firm, PC
P.O. Box 230894
Montgomery, AL 36102-0894
(334) 271-1555 (Voice)
(334) 271-1552 (Fax)
Email: jshooper@knology.net
ASB-5359-P72J
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

  I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below named parties or attorneys on this __26th__ day of April, 2006.

Wallace Mills        wmills@ci.montgomery.al.us

            /s/ J. Scott Hooper
            J. Scott Hooper
            The Hooper Law Firm, PC
            P.O. Box 230894
            Montgomery, AL 36102-0894
            (334) 271-1555 (Voice)
            (334) 271-1552 (Fax)
            Email: jshooper@knology.net
            ASB-5359-P72J
            Attorney for Plaintiff

Personal service is to be served by a process server upon Don Favor this Amended Complaint along with Original Complaint.

**PLAINTIFF DEMANDS TRIAL BY JURY**