**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **MITCHELL BRACKNELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs | )   **CASE NO. 2:06 CV 268-D** |
| | ) |
| **CITY OF MONTGOMERY** | ) |
| AND | ) |
| **OFFICER DON FAVOR,** | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER OF DEFENDANT DON FAVOR
TO AMENDED COMPLAINT**

Defendant, Don Favor, by and through undersigned counsel, submits the following Answer to Plaintiff's Amended Complaint:

**ANSWER**

1. Defendant admits that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction over the claims pled and that venue is proper. Defendant denies all other material allegations contained in paragraph one of the Amended Complaint and demands strict proof thereof.

2. Defendant admits that the facts made the basis of the claims contained in the Amended Complaint occurred within Montgomery County, Alabama. Defendant denies all other material allegations contained in paragraph two of the Amended Complaint and demands strict proof thereof.

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph three of the Amended Complaint and, therefore, denies the allegations and demand strict proof thereof.

4. Defendant admits that he is over the age of 19 and is employed as a police officer with the City of Montgomery but denies the remaining allegations contained in paragraph four of the Amended Complaint and demands strict proof thereof.

5. Defendant admits that the City of Montgomery is a municipality duly organized and existing under the laws of the State of Alabama. Defendant denies all other material allegations contained in paragraph five of the Amended Complaint and demands strict proof thereof.

## NATURE OF PROCEEDINGS

6. Defendant denies the material allegations contained in paragraph six of the Amended Complaint and demands strict proof thereof.

## FACTS

7. Defendant adopts and incorporates his answers and responses set forth in paragraphs 1-6 above as if fully set out herewith.

8. Defendant denies the material allegations contained in paragraph eight of the Amended Complaint and demands strict proof thereof.

9. Defendant denies the material allegations contained in paragraph nine of the Amended Complaint and demands strict proof thereof.

10. Defendant denies the material allegations contained in paragraph ten of the Amended Complaint and demands strict proof thereof.

**CAUSES OF ACTION**

11. Defendant adopts and incorporates his answers and responses set forth in paragraphs 1-10 as if full set out herewith.

### COUNT I – DEPRIVATION OF CIVIL RIGHTS
### UNDER COLOR OF STATE LAW

12. Defendant admits that he is employed as a police officer for the City of Montgomery.

13. Defendant denies the material allegations contained in paragraph thirteen of the Amended Complaint and demands strict proof thereof.

14. Defendant denies the material allegations contained in paragraph fourteen of the Amended Complaint and demands strict proof thereof.

15. Defendant denies the material allegations contained in paragraph fifteen of the Amended Complaint and demands strict proof thereof.

16. Defendant denies the material allegations contained in paragraph sixteen of the Amended Complaint and demands strict proof thereof.

17. Defendant denies the material allegations contained in paragraph seventeen of the Amended Complaint and demands strict proof thereof.

18. Defendant denies the material allegations contained in paragraph eighteen of the Amended Complaint and demands strict proof thereof.

### COUNT TWO – NEGLIGENCE BY DEFENDANT FAVOR

19. Defendant denies the material allegations contained in paragraph nineteen of the Amended Complaint and demands strict proof thereof.

20. Defendant denies the material allegations contained in paragraph twenty of the Amended Complaint and demands strict proof thereof.

21. Defendant denies the material allegations contained in paragraph twenty-one of the Amended Complaint and demands strict proof thereof.

22. Defendant denies the material allegations contained in paragraph twenty-two of the Amended Complaint and demands strict proof thereof.

23. Defendant denies the material allegations contained in paragraph twenty-three of the Amended Complaint and demands strict proof thereof.

## COUNT THREE – NEGLIGENCE BY DEFENDANT CITY OF MONTGOMERY

24. Defendant denies the material allegations contained in paragraph twenty-four of the Amended Complaint and demands strict proof thereof.

25. Defendant denies the material allegations contained in paragraph twenty-five of the Amended Complaint and demands strict proof thereof.

26. Defendant denies the material allegations contained in paragraph twenty-six of the Amended Complaint and demands strict proof thereof.

27. Defendant denies the material allegations contained in paragraph twenty-seven of the Amended Complaint and demands strict proof thereof.

28. Defendant denies the material allegations contained in paragraph twenty-eight of the Amended Complaint and demands strict proof thereof.

## COUNT FOUR -  ASSAULT AND BATTERY

29. Defendant denies the material allegations contained in paragraph twenty-nine of the Amended Complaint and demands strict proof thereof.

30. Defendant denies the material allegations contained in paragraph thirty of the Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Defendant pleads the general issue

2. Defendant pleads qualified and/or discretionary function immunity.

3. Defendant pleads discretionary function immunity set out in *ALA. Code* §6-5-338 (1975).

4. Defendant pleads the affirmative defense of contributory negligence.

5. Defendant pleads the affirmative defense of assumption of the risk.

6. Defendant avers that the Plaintiff comes before this Court with unclean hands.

7. Defendants aver that Plaintiff has failed to comply with the statutory requirements of *ALA Code* §11-47-23 and §11-47-192, (1975) prior to filing suit.

8. Defendants reserve the right to amend these affirmative defenses as allowed by the Court.

Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills (MIL 090)
Attorney for Defendant

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310

**CERTIFICATE OF SERVICE**

     I hereby certify that on the _____ day of May, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, AL 36123-0894

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:
J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, AL 36123-0894

/s/ Wallace D. Mills
OF COUNSEL

7