IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **Mitchell Bracknell** | * | |
| | * | |
| v. | * | Civil Case No. 2:06-CV-268-D |
| | * | |
| **Officer Don Favor,** | * | |
| **In his individual capacity,** | * | |
| Defendant. | * | |

OBJECTION TO SUMMARY JUDGMENT

COMES Now Plaintiff and responds to the motion for summary judgment by Defendants as follows:

FACTS

On February 25, 2006 Mitchell Bracknell and his wife by common law, were in the dwelling located at 649 Chisholm Street in Montgomery, Alabama when an argument between them began. Unknown to Plaintiff Mitchell Bracknell, his wife called police 911 and whispered into the phone "Hurry up, hurry up, he's coming" and then disconnected the phone. Both Plaintiff Mitchell Bracknell and his wife later asserted that Mitchell Bracknell did not strike anyone or cause any damages of any kind.

Sergeant Don Favor was on patrol and was the first officer to respond to the call at the dwelling. While in route, Don Favor received on his in-car computer MITCHELL BRACKNELL / stabbing and cutting which was deemed incorrect information (Depo of Don Favor) pp. 16.

`Depo of Don Favor Page 16.`

Q. So were you told that it was a stabbing and a cutting at that address?

A. It came up on my computer. I asked her and she wasn't able to confirm it before I arrived at the scene.

Q. Well, why was that even put up there, or do you know?

A. I don't know. It was on the traffic. That's why I was asking her did it happen at the same address before or is it going on right now, and she couldn't advise. She was still trying to sort through the traffic when I arrived at the scene.

**Further, Don Favor received a message over the radio from another policeman that Felony warrants for Assault were outstanding on Mitchell Bracknell before arriving at 649 Chisholm Street address. This message was unconfirmed and in fact incorrect.**

**Don Favor's Depo page 87**

Q. And also you said you received a radio call by someone?

A. Someone had —— just prior to me getting there and I don't know who got on there, you know, I was en route and once they put out Mitchell Bracknell's

name over the air someone, you know, keyed up and said I believe that subject has got a 77 for assault at this time, which 77 is a felony for assault.

Q. And that person would have been a police officer?

A. Yes. He gave –– it was a unit number, and I don't remember which unit number it was at this time.

Q. Did you ever ascertain if there were actually warrants out for him at that time?

A. No, I mean, everything was happening right boom, boom, boom –– I was there and nothing is verified at this point, and then she runs out the front door and everything's on. And that's it. It's just the nature of it sometimes, you know, everything is happening at once.

**Plaintiff Mitchell Bracknell's wife, ran out of the house in a hysterical state when Don Favor arrived stating "get him, he will come back".**

**There was no report from Mitchell Bracknell's wife that any crime had been committed, but only to "Get him".**

**Mitchell Bracknell did run from the residence when Don Favor arrived, jumped the back fence and ran out of sight of Don Favor, and hid in a bush a short**

distance away.

Don Favor did search for who he believed to be Mitchell Bracknell in an area between two "garden homes" about twenty feet apart with no windows or doors down the sides of the houses with a row of bushes down the side of one of the houses. Mitchell Bracknell was hiding in one of the bushes.

Don Favor did enter the area between the buildings with his flashlight in his right hand and his service weapon in his left hand. Don Favor gave no warnings to surrender, give up, or come out with your hands up or any warning of any kind. Upon shining his light on Plaintiff in the bush, Don Favor immediately fired his weapon striking Plaintiff in the lower neck area.

Don Favor later gave medical assistance to Plaintiff until medical emergency personnel relieved Don Favor. Plaintiff was taken to Baptist South Hospital for further observation and treatment. Plaintiff was hospitalized for three days and later arrested for domestic violence and later found innocent in Municipal Court.

## ARGUMENT

Don Favor acted on unconfirmed and incorrect facts generated by his own policemen and or the City of Montgomery Dispatch by placing an incorrect message on the in-car computer and another policeman stating that Mitchell Bracknell had Felony Assault Warrants outstanding.

Don Favor did not wait to confirm these accusations but did rely on the incorrect information coupled with the demeanor of Mitchell Bracknell's wife who only said, "Get him, he will come back." Instead of confirming that any crime had been committed, Don Favor departed the residence and began a chase of Mitchell

**Bracknell ultimately shooting Mitchell Bracknell without any warning to surrender. Mitchell Bracknell had no weapon and made no aggressive act toward Defendant Don Favor. Don Favor Depo pp. 32, 55**

Q. I'm just trying to understand what we have. And I understand it was bad weather.

A. Uh—huh.

Q. And you are a highly trained police officer?

A. Yes, I am.

Q. And you were pursuing a person, you were in close proximity to him but you gave no warning before you shot him?

A. No.

**Page 55**

Q. Are you familiar with any report that came out shortly thereafter that alleged that Mitchell had attacked you?

A. Had attacked me?

Q. Yes.

A. I heard that on the news. I don't know where that came from, but I heard that on the news.

Q. That was incorrect?

A. That was incorrect. It was incorrect that somebody said he jumped out of the bushes. I don't know where the heck that came from.

**The Eleventh Circuit has opined that "[d]eadly force is "reasonable for the purposes of the Fourth Amendment when an office '(1) has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others or that he has committed a crime involving the infliction or threatened infliction or threatened infliction of serious physical harm; (2) reasonably believes that the use of deadly force was necessary to prevent escape; and (3) has given some warning about the possible use of deadly force, if feasible.** *Robinson v Arrugeta*, **415 F. #d 1252, 1255 (11th Cir. 2005) Citing Vaughan v Cox, 343 F. 3d 1323, 1329-03 (11th Cir. 2003).**

(1)**Don Favor's actions do not follow the above requirements of reasonableness for purposes of the Fourth and Fourteenth Amendments as the false information given by the dispatch and by the unknown policeman to Favor was false, wrong, and Don Favor did not get confirmation of the information truthfulness when he pursued Plaintiff. Defendant Don Favor had no knowledge that Mitchell Bracknell had committed any crime against anyone. (2) Defendant Don Favor was not reasonable to believe that the use of deadly force was justified to prevent Mitchell Bracknell from escape as it was likely that a person on "foot" would be able to escape from the Montgomery Policemen pursuing him under those conditions. (3) and Defendant Don Favor could have and should have yelled out a warning to surrender or some other warning about the possible use of deadly force prior to shooting. Defendant Don Favor chose to enter the space between the two buildings without assistance, with no knowledge that Plaintiff had committed any crime, without any knowledge that Plaintiff had threatened anyone, Plaintiff had not threatened Defendant Don Favor, and Plaintiff had no weapon. Defendant Don**

**Favor's perception of Plaintiff having a weapon was exaggerated by the fact that (1) Don Favor received an incorrect message on his in-car computer about a stabbing and cutting referencing Plaintiff, (2) that another office asserted that Mitchell Bracknell had Felony Assault Warrants outstanding, and (3) that Mitchell Bracknell's wife never stated that Mitchell Bracknell had committed any wrongdoing, but only stated "Get him, he will come back".**

**Defendant Don Favor was unjustified and unreasonable in believing that the use of deadly force was justified in the arrest of Mitchell Bracknell. Defendant Don Favor did not witness personally any event that he should have relied upon for the use of deadly force. Defendant Don Favor did not confirm any element of the facts that he relied upon to use deadly force. If a policeman can rely on false information given by other policemen for use of deadly force, then it will become common practice to give false information in pursuit of any suspected person of any crime. It is not reasonable for Defendant Don Favor to rely on false information to justify shooting Mitchell Bracknell.**

```
Depo of Don Favor p.88-89
Q.   But the message on the computer, message over
the radio about the assault, and the woman at the
scene acting hysterical, all of that played a big
part in the way you protected yourself; is that
correct?
A.   That is correct.
```

**The above argument supports the facts in Plaintiff's favor to DENY the Defendant Don Favor's motion for Summary Judgment on Plaintiff's claims of**

**violation of   § 1983 excessive force claim within the Fourth and Fourteenth Amendment rights, Qualified Immunity, State claims of negligence and battery.**

**As to the City of Montgomery, the City did allow false information to be transmitted over the radio and computer to Defendant Don Favor whether intentionally or unintentionally about Plaintiff that did cause Defendant Don Favor to protect himself differently than if the false information was not allowed to be communicated to Defendant Favor.  (see Depo of Don Favor pp. 88-89 above)**

**The claims against the City of Montgomery are due to be upheld and the motion for summary judgment by the City is due to be DENIED.**


**RESPECTFULLY SUBMITTED on this the __5th___ day of December, 2006.**

<u>**/s/ J. Scott Hooper**</u>
**J. Scott Hooper**
**The Hooper Law Firm, PC**
**P.O. Box 230894**
**Montgomery, AL 36102-0894**
**(334) 271-1555 (Voice)**
**(334) 271-1552 (Fax)**
**jshooper@knology.net**

## CERTIFICATE OF SERVICE

**I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below named parties or attorneys on this __5th__ day of December, 2006.**

**Wallace Mills**

/s/ J. Scott Hooper
J. Scott Hooper
The Hooper Law Firm, PC
P.O. Box 230894
Montgomery, AL 36102-0894
(334) 271-1555 (Voice)
(334) 271-1552 (Fax)
jshooper@knology.net