IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

|  |  |
|---|---|
| MITCHELL BRACKNELL, ) | Case No.: 2:06-CV-268 |
| ) |  |
| Plaintiff, ) | **DEFENDANTS' REPLY TO** |
| ) | **PLAINTIFF'S OBJECTION TO** |
| ) | **DEFENDANT'S MOTION FOR** |
| vs. ) | **SUMMARY JUDGMENT** |
| THE CITY OF MONTGOMERY, ) |  |
| ALABAMA; and Officer DON FAVOR, in his ) |  |
| individual capacity;, ) |  |
| ) |  |
| Defendant ) |  |
| ) |  |

COME NOW The City of Montgomery and William D. Favor, by and through undersigned counsel, and, in response to Plaintiff's Objection to Defendant's Motion for Summary Judgment, say as follows:

## PLAINTIFF'S BURDEN

**I. Objective Reasonableness Standard and Qualified Immunity Test**

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing or pointing out to the district court that the non-moving party has failed to present evidence in support of some elements of its case on which it bears the ultimate burden of proof. Celotex Corp. v. Catrett, 477 U.S. at 322-324.

The city of Montgomery and William D. Favor have met their burden in that they have shown in their Brief in Support of Motion for Summary Judgment by affidavits and transcripts

1

(1) that the force used by Favor was objectively reasonable based upon the facts presented by both the plaintiff and defendant [*see* Graham v. Conner, 490 U.S. 386, 109 S.Ct. 1865 (1989)], and (2) that the plaintiff's right to be free from *unreasonable* seizure in this circumstance was not so clearly established in Favor's eyes so as to deprive him of his qualified immunity [*see* Holmes v. Kucynda, 321 F.3d 1069, 1077 (11th Cir.2003) *see also* Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)].

Once the moving party has met its burden, Rule 56(e) "requires a non-moving party to go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, or admissions on file, designate specific facts showing there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324.

The plaintiff has failed in his response to elicit facts which create a genuine issue on either the objective reasonableness Fourth Amendment argument or the qualified immunity argument. All that the plaintiff alleges in his response is (1) that Favor never verified whether the information presented to him prior to the shooting was correct, and (2) that the information was incorrect. A reading of the deposition excerpts cited by plaintiff shows nothing to support the allegation that the information was somehow incorrect. He cites to no evidence even tending to show whether it was correct or not; the allegation is merely conclusory, and conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. Fed.R.Civ.P. 56(c).

Even, arguendo, if he could show the information was false, the fact would be immaterial to the case. What is at issue is not whether Bracknell actually had outstanding warrants for assault or whether he had been involved in a stabbing or cutting, but how this information

2

affected his state of mind at and immediately before the shooting.  The point is whether or not the use of force was reasonable under the circumstances (objective reasonableness standard), and whether the right to be free from unreasonable seizure was clearly established at the time of the alleged violation (qualified immunity).  The prescient issue, then, is what Favor knew and when he knew it, not the ultimate correctness of the knowledge.

Plaintiff also argues that he should survive summary judgment because the officer gave no warning before shooting Bracknell.  A reading of the Favor's deposition transcript reveals that he gave no warning because he thought Bracknell was behind the townhouses and not in the alleyway; that he felt that if he had given a warning, Bracknell would have fled from the back and run away from him. (Favor deposition 29:12 – 30:15, Exhibit A).  Besides, in order to carry his burden on both the objective reasonableness standard and the qualified immunity inquiry, the plaintiff would have to support his contention by showing facts which would make it unreasonable under the circumstances for Favor not to give a warning.  He does not do this.  Here again, there are mere conclusory allegations.

As to the qualified immunity issue specifically, the plaintiff, at this stage, "must show, first, facts establishing that a constitutional violation occurred, and second, that the constitutional right was clearly established." McCray v. City of Dothan, Not reported in F.3d, 2003 WL 23518420;  Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).  Nothing in the plaintiff's response to the summary judgment motion addresses this point.

### II.  §1983 Claim Against the City

The plaintiff has failed to allege a policy or custom which proximately caused his injuries and has, therefore, failed to overcome summary judgment on the 42 U.S.C. §1983 claim against

the city of Montgomery. Monell v. Department of Social Services of New York City, 436 U.S. 658, 694, 98 S.Ct. 2018.

### III.  Discretionary Function Immunity §6-5-338 Ala. Code (1975)

Likewise, Plaintiff has shown nothing to rebut the contention that officer Favor's decision to fire his weapon was a discretionary act as the Alabama Supreme Court has defined it, and that he is entitled to discretionary function immunity under §6-5-338 Ala. Code (1975) for all state law claims pled; an immunity which extends, vicariously, to the city of Montgomery. Id.

### CONCLUSION

Plaintiff has failed to meet his burden in showing facts which create a genuine issue of material fact on whether Sergeant William Favor's use of force was objectively reasonable under the circumstances, or whether Bracknell's right to be free from *unreasonable* seizure was so "clearly established" in Favor's eyes so as to deprive him of his qualified immunity.

With regard to the §1983 claim against the city of Montgomery directly, the plaintiff has failed to allege a policy or custom sufficient to support such a claim.  As to the state law claims against both the city of Montgomery and William Favor, individually, both defendants are entitled to discretionary function immunity under §6-5-338 Ala. Code (1975).

William D. Favor and the city of Montgomery are entitled to summary judgments as a matter of law on these claims.

Respectfully submitted,

/s/Wallace D. Mills
Wallace D. Mills (MIL 090)
Attorney for Favor and City

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111

Phone: (334) 241-2050
Fax: (334) 241-2310

## CERTIFICATE OF SERVICE

     I hereby certify that on the 12th day of December, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, AL 36123-0894

                                         /s/Wallace D. Mills
                                         Of Counsel