IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL BRACKNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-268-WC |
| | ) |
| THE CITY OF MONTGOMERY, *et al.* | ) |
| | ) |
| Defendants, | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Mitchell Bracknell, brings this action against defendants William D. Favor and the City of Montgomery, alleging that defendant Favor used excessive force when he shot the plaintiff. Now pending before the court is the motion for summary judgment (Doc. #25, filed October 26, 2006) filed by the defendants. Pursuant to 28 U.S.C. § 636(c), all parties have consented to the conduct of all proceedings and entry of a final judgment by the United States Magistrate Judge (Doc. #17, filed June 13, 2006). Upon consideration of the motion and for the following reasons, the court concludes that the motion is due to be GRANTED with respect to count I against the City of Montgomery, DENIED with respect to count III against the City of Montgomery, and DENIED with respect to counts I, II, and IV against William D. Favor.

**I. JURISDICTION**

The plaintiff alleges violations of rights under the Fourth and Fourteenth Amendments

to the United States Constitution and seeks damages under 42 U.S.C. § 1983. The court has jurisdiction over these claims under 28 U.S.C. § 1331. The plaintiff brings claims under Alabama law for assault and negligence, which claims arise from the same facts and form part of the same case. The court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

## II. FACTS

The following facts have been established by uncontroverted pleading or evidence.[1]

Defendant William D. Favor ("Favor") is a police officer employed by defendant the City of Montgomery ("the City") (compl. ¶ 4).

On the evening of February 25, 2006, an officer supervised by Favor received a call to respond to an incident, and Favor went to the home at the address specified. A woman exited the front door of the home and yelled, "Get him, get him...don't let him get away!" Favor saw the plaintiff exit the front door, run away, and jump over a fence. As the plaintiff observed which way the plaintiff was going, the woman kept yelling "Don't let him get away!" and "He'll come back!" (Favor Affidavit, p. 3-4).

---

[1] The defendants attached two affidavits to their motion for summary judgment. One of these is by Favor and swears to the truth of the statements he made in an interview on the night of February 25, 2006. The other is by Corporal Lynn Sutton, and swears that she interviewed the plaintiff on February 27, 2006, and that the attached transcript accurately reflects the interview.

In his brief, the plaintiff cited several extracts from an alleged deposition of Favor, but did not attach "[s]worn or certified copies," or indeed any copies, as required by Rule 56(e) of the *Federal Rules of Civil Procedure* and by this court's orders of June 22, 2006 (doc. #19, p. 3)(requiring any brief on a summary judgment motion to include an appendix containing the evidence cited) and November 6, 2006 (doc. #27, p. 2) ("Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth...Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in an order granting the motion..."). The court therefore disregards the plaintiff's evidentiary citations.

Favor and other officers sought the plaintiff throughout the area, by car and on foot.[2] Favor approached an alleyway with his weapon drawn and flashlight in hand. Favor saw the plaintiff lying behind a bush and shot the plaintiff in the neck (Favor Affidavit, p. 4).[3] Two days later, Corporal Lynn Sutton of the Montgomery Police Department interviewed the plaintiff, who said that he had been unarmed and had nothing in his hands when Favor shot him (Sutton Affidavit, p. 4-5).

The plaintiff brought this action, alleging that Favor violated his right to be free from excessive force (count I), negligently injured him (count II), and unlawfully assaulted him (count IV); and that the City of Montgomery negligently trained and supervised Favor (count III). It is not clear whether the plaintiff intended for count I to include an excessive force claim against the City of Montgomery, but for purposes of this motion the court will assume as much.

### III. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." All disputed facts are resolved and all reasonable

---

[2] In his affidavit, Favor testified that he thought he had arrested the plaintiff for burglary eight years before (Favor Affidavit, p. 5) and that a different Bracknell was a suspect in a robbery, but that at some unspecified time Favor thought that the plaintiff was the suspect (*id.* p. 6). However, these statements are too vague and equivocal to be treated as undisputed facts relating to the night of February 26.

[3] In his affidavit, Favor testified that he thought he saw the plaintiff pointing a silver handgun at him. As shown below, this cannot be considered an uncontroverted fact for purposes of summary judgment.

inferences are drawn in favor of the nonmovant. When the movant bears the ultimate burden of persuasion at trial, the movant must affirmatively show, with evidence, the absence of a genuine issue of material fact. When the nonmovant bears the ultimate burden of persuasion at trial, the movant can meet the standard by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating (i.e., pointing out) that the nonmovant's evidence itself is insufficient to establish an essential element of his claim. In either case, the burden then shifts to the nonmovant to make an evidentiary showing sufficient to establish each element so established or challenged. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). To satisfy this burden, the nonmovant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. *Fed. R. Civ. P.* 56(e).

## IV. DISCUSSION

### A. *Claims Against Defendant Favor*

#### 1. Excessive Force Claim - Count I

Favor testified that he thought he saw the plaintiff pointing a silver handgun at him at the time he shot the plaintiff (Favor Affidavit p. 4). In light of this testimony, he argues that he is due summary judgment on the plaintiff's excessive force claim because his shooting of the plaintiff was objectively reasonable.

The Fourth Amendment protects individuals from "unreasonable" seizures, including unreasonable uses of deadly force. As noted by both parties, a police officer's use of deadly force is "reasonable" if the officer (1) has probable cause to believe the suspect poses a threat

of serious physical harm to the officer or to others or has committed a crime involving actual or threatened serious bodily harm, (2) reasonably believes the use of force is necessary to prevent escape, and (3) gives warning about the possible use of deadly force, if practicable. *Robinson v. Arrugueta*, 415 F.3d 1252, 1255 (11th Cir. 2005). If Favor's use of deadly force was reasonable under these standards, then he did not deprive the plaintiff of a constitutional right.

If Favor did indeed think he saw the plaintiff pointing a handgun at him, then his decision to shoot the plaintiff was almost certainly reasonable. If that was so, he likely had probable cause to believe the suspect threatened him, reasonable belief that he could not prevent the suspect from shooting him (and then escaping) without using deadly force, and no practical opportunity to give a warning. However, the plaintiff's statement that he was, in fact, unarmed, and holding nothing whatsoever in his hands,[4] calls into question whether Favor actually thought he saw a firearm. In the absence of other evidence that the plaintiff posed an apparent threat to Favor,[5] the court cannot conclude as a matter of law that the

---

[4] This is not a sworn statement by the witness himself, but a sworn statement by Cpl. Dunn, who interviewed the plaintiff and swore as to the accuracy of the transcript. However, the statement is still "made on personal knowledge" and sets forth "such facts as would be admissible in evidence" as required for consideration under Rule 56(e). The statement would likely be admissible at trial under Rule 801(d)(2) of the *Federal Rules of Evidence*, *see Bennett v. Saint-Gobain Corp.*, 453 F. Supp. 2d 314, 324-25 (D. Mass. 2006), and convinces the court that a genuine issue of material fact exists. *See Smith v. F.D.I.C.*, 61 F.3d 1552, 1562 n.18 (11th Cir. 1995) (on summary judgment, the court resolves all reasonable doubts about the facts in favor of nonmovant).

[5] The other facts presented by the plaintiff – the unidentified woman who said "get him" and "he'll get away," and Favor's *possible* belief that the plaintiff was "a suspect" in a robbery, and that he had once arrested the plaintiff for burglary – are insufficient to establish "probable cause" that the plaintiff threatened, or had threatened, serious bodily harm to anyone. Likewise, the fact that heavy rain was falling on the night of the shooting and that the plaintiff was on the ground behind some bushes (implying that

shooting was objectively reasonable, but must leave that question to the jury.

Favor also asserts his defense of qualified immunity.  To establish this, a defendant must show that he was acting within the scope of his discretionary authority; if he does so, then the plaintiff must show that the defendant's acts violated a clearly established constitutional right.  *O'Rourke v. Hayes*, 378 F.3d 1201, 1205-06 (11th Cir. 2004).  Favor is a police officer and was engaged in a usual police function, namely searching for a criminal suspect, so that his actions lay within his discretionary authority. *O'Rourke*, 378 F.3d at 1205.  However, the right to be free from the unreasonable use of force is well established, *Graham v. Connor*, 490 U.S. 386, 395 (1989), and so the question of whether Favor can claim qualified immunity is reduced to the question of whether Favor's shooting of the plaintiff was objectively reasonable.  *See Mercado v. City of Orlando*, 403 F.3d 1152, 1159-60 (11th Cir. 2005); *Beaulah v. Muscogee County Sheriff's Deputies*, 447 F. Supp. 2d 1342, 1368 (M.D. Ga. 2006) (availability of summary judgment on qualified immunity grounds depended on whether officer's use of force was objectively reasonable).  As shown above, at least one genuine issue of material fact must be resolved before this question can be answered.  Favor is not due summary judgment as to count I of the amended complaint.

### 2.  State Law Claims - Counts II and IV

Favor has not challenged the plaintiff's evidence on the subject of his alleged negligence and assault, but has asserted the defense of discretionary function immunity under

---

Favor had to contend with poor visibility), while certainly relevant, are insufficient to establish that Favor had probable cause to believe the plaintiff was a threat.

*Ala. Code* § 6-5-338(a).[6] That section provides that peace officers shall be treated as officers of the state, "and as such shall have immunity from tort liability arising out of [their] conduct in performance of any discretionary function within the line and scope of [their] law enforcement duties." State officer immunity, and hence discretionary function immunity for peace officers, does not extend to actions that are conducted "with willful or malicious intent, or in bad faith." *Gary v. Grouch*, 867 So. 2d 310, 313 (Ala. 2003).

Thus, this statute does not provide immunity from suit for *intentional* torts. *Gary v. Crouch*, 867 So. 2d 310, 313-14 (Ala. 2003). Assault is an intentional tort under Alabama law. *Wood v. Cowart Enterprises*, 809 So. 2d 835, 837 (Ala. Civ. App. 2001), *citing Western Union Telegraph Co. v. Hill*, 150 So. 709, 710 (Ala. 1933). Discretionary function immunity does not apply to assault, and Favor is not due summary judgment on count IV.

Likewise, discretionary function immunity does not apply if the officer's actions are malicious. Under Alabama law, an action is "malicious" if it is "wrong and unlawful" within the officer's own knowledge, even if the action is merely careless rather than willful. *Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 833 (Ala. 1999), *citing Lunsford v. Dietrich*, 9 So. 308, 310 (Ala. 1891). As shown above, the evidence before the court leaves open the possibility that Favor unlawfully shot an unarmed man who posed no threat to him, and knew his action was unlawful at the time. Favor has not shown the absence of an issue of material

---

[6] Under Alabama law, discretionary function immunity is strictly an affirmative defense, *Matthews v. Alabama Agricultural & Mechanical University*, 787 So. 2d 691, 695 (Ala. 2000), *citing Carroll ex rel Slaught v. Hammett*, 744 So. 2d 906, 908 (Ala. 1999). Thus, the defendant bears the burden of proof in establishing the defense.

fact on this issue, on which his discretionary function immunity relies, and therefore he is not due summary judgment on count II.

### B. Claims Against the City of Montgomery

#### 1. Excessive Force Claim - Count I

Count I of the complaint states that Favor "was acting as a law enforcement officer pursuant to State statutes and the ordinances, customs, and policies of the Montgomery Police Department" (am. compl. ¶ 12). This count also states that Favor subjected the plaintiff to excessive force and violated his rights under the Fourth and Fourteenth Amendments (am. compl. ¶ 16); it does not explicitly state a claim against the City. The language concerning "customs and policies" suggests that the plaintiff is referring to the standards for municipal liability under § 1983 and therefore intends that the city be held liable for Favor's actions. However, the defendant has challenged the plaintiff's lack of evidence on the existence of any custom or policy that proximately caused Favor to shoot the plaintiff (doc. #26, p. 11). This is a requirement for municipal liability under 42 U.S.C. § 1983, *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir. 2004), and thus an essential element of the plaintiff's case. The plaintiff has not responded with evidence. Under *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993), even if the plaintiff intended for count I to apply against the City, the City is due summary judgment with respect to count I.

#### 2. State Law Claim - Count III

Count III of the complaint states that the City negligently trained and supervised

Favor. The City has not challenged the plaintiff's evidence (or lack of evidence) on this subject, but has asserted its defense of discretionary function immunity. The City argues the point in the following words:

> As Sergeant Favor's employer, the City of Montgomery too, is afforded immunity under the statute. §6-5-338(b) clearly extends discretionary function immunity not only to the officers themselves, but to "peace officers and governmental units or agencies authorized to appoint peace officers." §6-5-338(b), Ala. Code (1975).

(Doc. #26, filed October 26, 2006, p. 12). The statute does extend Favor's discretionary function immunity to the City. *Ex Parte City of Gadsden*, 781 So. 2d 936, 940 (Ala. 2000). However, count III does not address Favor's alleged negligence, but the City's alleged negligence in training and supervising Favor. The City has offered no evidence concerning the individuals who trained and supervised Favor, not even as to whether they were themselves peace officers (and thus entitled to the benefit of *Ala. Code* § 6-5-338). The City thus has not offered evidence relevant to the affirmative defense of discretionary function immunity, on which it bears the burden of proof (*supra* n.6). Under *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993), the City is not due summary judgment on count III.

## V. CONCLUSION

Based on the foregoing analysis, it is

ORDERED that the defendant's motion for summary judgment be and hereby is GRANTED with respect to count I of the amended complaint as applied to the City of Montgomery, DENIED with respect to count III against the City of Montgomery, and

9

DENIED with respect to all claims against defendant William D. Favor.

Done this 13th day of December, 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE