IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MITCHELL BRACKNELL, )
)
Plaintiff, ) Civil Action No.: 2:06-CV-268-WC
)
vs. )
)
THE CITY OF MONTGOMERY, et. al;, )
)
Defendants. )

**ORDER ON PRETRIAL HEARING**

Pursuant to the pretrial hearing held on 26 January 2007, the following action was thereupon taken:

1. PARTIES AND TRIAL COUNSEL:

    For defendant(s):    Wallace D. Mills

    For Plaintiff:    Scott Hooper

    COUNSEL APPEARING AT PRETRIAL HEARING:

    For defendant(s):    Wallace D. Mills

    For Plaintiff:    Scott Hooper

2. JURISDICTION AND VENUE:

    Jurisdiction of this Court is invoked pursuant to 28U.S.C. §§1331, 1343(a)(3)&(4) and 1367(a), and 42 U.S.C. §§1983, and 1988. Venue is proper according to 28 U.S.C. §1391(b).

3. PLEADINGS:
    Complaint
    City of Montgomery's Partial Answer
    City of Montgomery's Motions for More Definite Statements and

      Motion to Dismiss
Show Cause Order on Motion for More Definite Statement
Amended Complaint
Defendant's Answer to Amended Complaint
Order granting Plaintiff's Motion to Amend Complaint and Denying
      Defendant's Motion as moot
Order on Rule 26(f) Parties Planning Meeting
Summons of Don Favor
Answer of Defendant Don Favor to Amended Complaint
Report of Parties Planning Meeting
Uniform Scheduling Order
Consent to a Magistrate Judge
Rule 26(a) Initial Disclosures
Motion to Change Trial Term
Amended Uniform Scheduling Order
Order on Dispositive Motions, Summary Judgment, etc.
Notice of Appearance of Priscilla Duncan on behalf of Don Favor
Defendant's Motion for Summary Judgment
Order on Response to Motion for Summary Judgment
Plaintiff's Motion to Continue Summary Judgment Response
Notice Concerning Settlement Conference and Mediation
Court's Notice of Reassignment to Wallace Capel, Jr.
Order granting Plaintiff's Request to Extend Response
      To Motion for Summary Judgment
Plaintiff's Objection to City of Montgomery's Motion for
      Summary Judgment
Defendants' Reply to Plaintiff's Objection to Defendants' Motion
      For Summary Judgment
Memorandum Opinion and Order
Defendants' Witness List
Plaintiff's Potential Witnesses

4.    CONTENTIONS OF THE PARTIES:

Plaintiff's claims:

A. Claims against Defendant Favor

   (i).    Excessive Force Clam:

Defendant Favor admits he shot Plaintiff Bracknell and that Plaintiff was unarmed at the time. Under 42 USC § 1983 this is a violation of Plaintiff's Civil Rights to be free from unreasonable use of force. In *Graham v Conner*, 490 U.S. 386, 395 (1989), it is a question

whether Favor acted in a reasonable manner. Plaintiff asserts that he posed no threat to Defendant Favor, was unarmed, and made no aggressive motion or act toward Favor. Further, Plaintiff claims his Fourth and Fourteenth amendment rights were violated. Facts in support of Plaintiff's claim are as follows:

(1) Plaintiff was hiding from Police in a bush, (2) Plaintiff was unarmed, (3) Plaintiff had committed no violent crime, (4) Plaintiff was not given any warning by Defendant or any other policeman to surrender or otherwise "give up", (4) Defendant fired a shot into Plaintiff with his service firearm which is a "deadly weapon". (5) The bullet struck Plaintiff in the neck area. (6) Plaintiff at the time of the shooting was not moving or running but was crouched down in a squat position in an attempt to hide from Police. (7) There was no confirmed act of violence by Plaintiff just prior to the shooting.

Defendant Favor acted in an unreasonable manner and thus, does not enjoy and is not protected by immunity for his actions. Plaintiff asserts that Defendant Favor intentionally committed an assault upon the person of Plaintiff and is subject to suit under Code of Ala. §6-5-338(a). Defendant Favor acted outside the protection of immunity by committing an intentional tort and

(ii).   State claims of Negligence, Trespass, and Battery by Defendant Favor.

Plaintiff asserts that the elements of Negligence by Defendant Favor are as follows: Negligence is a common law cause of action with the elements of (1) that Defendant Favor and all policemen have a duty to follow the law and act in a reasonable manner to protect the citizens, (2) that Defendant Favor breached that duty, (3) that as a result of the breach, Plaintiff was injured and damaged, (4) that Plaintiff suffered life threatening injuries from the gunshot wound caused by Defendant Favor.

Defendant Favor acted in an unreasonable manner and thus, does not enjoy and is not protected by immunity for his actions. Plaintiff asserts that Defendant Favor intentionally committed an assault upon the person of Plaintiff and is subject to suit under Code of Ala. §6-5-338(a).  Defendant Favor acted outside the protection of immunity by committing an intentional tort upon Plaintiff in a willful and or careless manner.  *Delchamps, Inc. v Bryant*, 738 So. 2d 824, 833 (Ala. 1999), citing *Lunsford v Dietrich*, 9 So. 308, 310 (Ala. 1891)

The claims of Negligence, Trespass to the Person, and Battery are consistent with the facts shown above.  Trespass and Battery are common law state claims consistent with the actions of Defendant Favor.

B.   Claims against the City for negligent training and supervision are made on the facts supported by the actions of Favor and *Ex Parte City of Gadsden*, 781 So. 2d 936, 940 (Ala. 2000).  The City of Montgomery has not proven that it is due the defense of immunity under *Fitzpatrick v City of Atlanta*, 2 F. 3d 1112, 1115 (11th Cir. 1993).  Plaintiff asserts that the city is responsible for the actions of Defendant Favor for the negligent training and supervision of Favor.  The facts shown in one above support this contention.

5. Defendant's:

Don Favor's use of force was objectively reasonable and that he is entitled to qualified function immunity of the federal law claims.  Don Favor and the city are entitled to discretionary function immunity on all state law claims; that Mitchell Bracknell was contributorily negligent and/or committing a crime which proximately caused his own injury, and that he assumed the risk of injury with his own action; that Favor's actions were justified and did not contribute an assault and battery upon Bracknell.

6. STIPULATIONS BY AND BETWEEN THE PARTIES:

Counsel will receive a trial docket approximately one month prior to the trial term.

Accordingly, it is ORDERED that:

(1)     Jury selection is set at 10:00 a.m. on 26 February 2007, in Montgomery, Alabama.

(2)     The trial shall last for three (3) days and will commence on 26 February 2007, at 10 a..m. in Courtroom 5A in Montgomery, Alabama before the undersigned.

(3)     All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless that Order be hereafter modified by order of the court.

DONE this 26th day of January, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE