IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL BRACKNELL, | ) Case No.: 2:06-CV-268 |
| Plaintiff, | ) **DEFENDANTS' MOTION *IN LIMINE*** |
| vs. | ) |
| THE CITY OF MONTGOMERY, ALABAMA; and Officer DON FAVOR, in his individual capacity;, | ) |
| Defendant | ) |

COME NOW the city of Montgomery and Don Favor, by and through undersigned counsel, and move this Honorable Court to allow the following testimony and evidence at the trial of this cause for the following reasons:

1. Evidence that, while responding to, and prior to arriving at, 649 Chisholm Street on the evening of February 25, 2006, Don Favor,

    a.    Received an MDT (mobile data terminal) transmission about the details of the call in his patrol car which associated the address with the name Mitchell Bracknell, and that it said "subject stabbed and cut" (Favor is expected to testify that he called dispatch to verify whether the stabbing/cutting was the current call and that dispatch did not know, and that, upon reading further, he saw the date 2/12/06, and thought that the details could have been from a previous call); that

    b.    Favor was told by a dispatcher—when he called to verify the MDT information—that the caller had been whispering on the telephone;

    c.    That Favor received a radio transmission over police channel one from an unidentified police officer stating that Mitchell Bracknell had outstanding assault warrants.

2. Evidence that, prior to February 25, 2006, Don Favor,

    a.    Had either arrested or had contact with Mitchell Bracknell in reference to a burglary at or near the K-mart on the Atlanta Highway;

    b.    Had worked on a case involving the robbery of a Subway restaurant wherein he remembered Mitchell Bracknell to have been the suspect (Favor is expected to testify that, subsequent to the subject events, he determined that it had been Bracknell's brother who had been implicated in that robbery, but that on the night of February 25, 2006 he believed Bracknell to have been the suspect);

    c.    Was familiar with Bracknell and his brothers and, on the evening of February 25, 2006, knew their reputation as having committed numerous criminal offenses in the Montgomery area over the years.

3. Evidence that when he arrived at 649 Chisholm Street on February 25, 2006, a female, later identified to be Bracknell's common law wife, came out of the house yelling for Favor to "get him, get him, don't let him get away"; that Bracknell then exited the residence running and the female continued yelling, repeatedly saying, "that's Mitchell," "don't let him get away," "he'll come back" and "I know he will come back."

Plaintiffs aver that the above listed evidence will be elicited for the sole purpose of showing what Don Favor's state of mind was with regard to Mitchell Bracknell when he shot Bracknell on February 25, 2006, and what effect the statements and information had on his state of mind. A primary issue before the trier of fact in this case is whether Favor's actions were objectively reasonable under the circumstances [Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1867 (1989)], and the above facts are essential to that assessment. Such evidence will not be offered to prove the truth of the matter asserted as it is defined in Rule 801(c) of the Federal Rules of Evidence, and is, therefore, not excludable as hearsay. Likewise, Favor's opinion as to Bracknell's general reputation for criminal activity will not be offered to show that he acted in

conformity therewith on this, or any other occasion. The opinion testimony, therefore, is not excludable under 404 Fed.R.Evid.

Respectfully submitted,

/s/ Wallace D. Mills
Wallace D. Mills (MIL 090)
Attorney for Defendants

OF COUNSEL:
City of Montgomery Attorney's Office
P.O. Box 1111
Montgomery, AL 36101-1111
Phone: (334) 241-2050
Fax: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, AL 36123-0894

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

/s/Wallace D. Mills
Of Counsel