**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| MITCHELL BRACKNELL, | ) Case No.: 2:06-CV-268 |
| Plaintiff, | ) **DEFENDANTS' REQUESTED JURY CHARGES** |
| vs. | ) |
| THE CITY OF MONTGOMERY, ALABAMA; and Officer DON FAVOR, in his individual capacity;, | ) |
| Defendant | ) |

COME NOW the defendants, by and through undersigned counsel and request that the following jury charges and interrogatory be given at the conclusion of evidence in this case.

**1.   ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS II. 2.1—FOURTH AMENDMENT EXCESSIVE FORCE**

In this case the Plaintiff claims that the defendants, while acting "under color" of state law, intentionally deprived the plaintiff of the plaintiff's rights under the Constitution of the United States.

Specifically, the plaintiff claims that while the defendant Don Favor was acting "under color" of state law as members of the Police Department of the city of Montgomery they intentionally violated the plaintiff's constitutional right to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest is otherwise made in accordance with the law.

1

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That the defendants intentionally committed acts that violated the plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest:

<u>Second</u>: That in so doing the defendants acted "under color" of state law; and

<u>Third</u>: That the defendants' acts were the proximate or legal cause of damages sustained by the plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A state or local official acts "under color" of state law not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official.

Plaintiff's claim is that excessive force was used by the defendants in effecting the plaintiff's arrest. In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law. On

the other hand, in making a lawful arrest, an officer has the right to use such force as is reasonably necessary under the circumstances to complete the arrest. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate violent threat to others, and whether the suspect is resisting or fleeing. You must decide whether the force used in making an arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

The law states that "[d]eadly force is 'reasonable' for the purposes of the Fourth Amendment when an officer '(1) has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others or that he has committed a crime involving the infliction or threatened infliction of serious physical harm;' (2) reasonably believes that the use of deadly force was necessary to prevent escape; and (3) has given some warning about the possible use of deadly force, if feasible."[1]

"Because it is constitutionally reasonable for an officer to use deadly force when a suspect is threatening escape and possible harm to others, it is also constitutionally reasonable for an officer to use deadly force when he has probable cause to believe that his own life is in peril"[2]

If you should find for the plaintiff and against the defendants, you must then decide the issue of the plaintiff's damages. For damages to be the proximate or legal result of a

---

[1] Cited from Robinson v. Arrugueta, 415 F.3d 1252, 1255 (11th Cir.2005) *citing* Vaughan v. Cox, 343 F.3d 1323, 1329-30 (11th Cir.2003) to explain that officer may use force where he reasonably believes suspect poses threat to officer.
[2] Id. offered to clarify to jury that deadly force may be used to protect the officer himself, regardless of whether he believes deadly force was necessary to prevent escape.

3

constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

In considering the issue of the plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury – tangible and intangible.  Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (a)    The reasonable value of any property lost or destroyed during, or as a result of, the defendant's unconstitutional acts;

    (b)    The reasonable cost of medical care and hospitalization;

    (c)    Physical or emotional pain and mental anguish.

GIVEN: _____       DENIED: _____

**2.    APJI 28.01 NEGLIGENCE—DEFINITION**

Negligence is the failure to use reasonable care to prevent harm to oneself or others.

A person's conduct is negligent when he either does something that a reasonably prudent person would not do in a similar situation, or he fails to do something that a reasonably prudent person would have done in a similar situation.

You must decide if the defendants, **Don Favor and the city of Montgomery were** negligent in this situation.

GIVEN: _____        DENIED: _____

**3.    APJI 21.01 PLAINTIFF'S NEGLIGENCE CLAIMS—GENERAL DENIAL**

The plaintiff claims the defendants were negligent, and that their negligence proximately caused certain injuries and damages suffered by the plaintiff. The defendants in answer to plaintiff's complaint deny that they were negligent. This presents for your determination the following.

Was either defendant negligent as claimed by the plaintiff?

If so, was such negligence of either defendant the proximate cause of any injury and damages sustained by the plaintiff as claimed? If you find both of the above issues in favor of the plaintiff and against either defendant what sum of money will fairly and reasonably compensate him for the injury and damage so sustained? If either of the above elements are not proven to your reasonable satisfaction as to either defendant then your verdict should be in favor of such defendants.

GIVEN: _____        DENIED: _____

**4.    APJI 21.03 PLAINTIFF'S NEGLIGENCE CLAIM—DEFENSE OF CONTRIBUTORY NEGLIGENCE**

The defendants have also interposed a defense of contributory negligence. By this defense the defendants claim that at the time and place specified the plaintiff himself was negligent and that the plaintiff's own negligence proximately caused or proximately contributed to cause the injuries him.

If you are reasonably satisfied from the evidence that the defendants were guilty of negligence which proximately caused injury to the plaintiff and the plaintiff was not guilty of contributory negligence as claimed by the defendants then you will determine what sum of money will fairly and reasonably compensate him for the injury so sustained.

If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence as claimed by the defendants the plaintiff would not be entitled to recover.

5

GIVEN: \_\_\_\_\_          DENIED: \_\_\_\_\_


5.   **APJI 30.05 ASSUMPTION OF RISK—ELEMENTS**

The three elements essential to assumption of risk in cases of this kind are that the party charged with assumption of risk (1) had knowledge of the existence of the dangerous condition and (2) with appreciation of such danger (3) failed to exercise care for his own safety by putting himself in the way of such known danger.


GIVEN: \_\_\_\_\_          DENIED: \_\_\_\_\_


6.   **§ 11-47-190. MUNICIPAL LIABILITY**

"No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty." §11-47-190

If you find that the plaintiff was *not* injured by the neglect, carelessness or unskillfulness of the city's officers, then you must find for the defendant. If you find that the plaintiff *was* injured by the neglect, carelessness or unskillfulness of its officers, you must find for the plaintiff.

GIVEN: \_\_\_\_\_          DENIED: \_\_\_\_\_


7.   **§13A-3-27. NECESSARY FORCE**[3]

   **To defend himself.** §13A-3-27(a)(2)

The law justifies a police officer in using that degree of physical force which he reasonably believes necessary to protect himself from what he reasonably believes to be the use or imminent use of physical force while making or attempting to make an arrest for a misdemeanor, or to prevent an escape from custody of a person who has been legally arrested for a misdemeanor. If you are reasonably satisfied from the evidence that the officer in this case reasonably believed that the amount of force used was necessary to protect himself, then you must find for the defendant.

GIVEN: \_\_\_\_\_          DENIED: \_\_\_\_\_

---

[3] §13A-3-27(a)(2) is offered as a defense to the state-law negligence claim.

6

**REQUESTED SPECIAL INTERROGATORIES**

**    TO THE JURY    **
**(Fourth Amendment §1983 claim)**

**Do you find from a preponderance of the evidence:**

1. The defendant intentionally committed acts that violated the plaintiff's federal constitutional right [not to be subjected to excessive or unreasonable force during an arrest]?

    Answer Yes or No _____

2. The defendant's acts were the proximate or legal cause of damages sustained by the plaintiff?

    Answer Yes or No _____

    [<u>Note</u>: If you answered No to either Question No. 1 or Question No. 2, skip the remaining Questions and have your foreperson sign this verdict form at the bottom of the next page.]

3. The plaintiff should be awarded damages to compensate for the reasonable value of any property lost or destroyed during, or as a result of, the defendant's unconstitutional acts?

    Answer Yes or No _____

    If you answer was Yes,
    In what amount?            $_____

4. The plaintiff should be awarded damages to compensate for the reasonable cost of medical care and hospitalization

    Answer Yes or No _____

    If you answer was Yes,

    In what amount?    $_____

5. The plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

    Answer Yes or No _____

    If you answer was Yes,

    In what amount?    $_____

6. The defendant acted with malice or with reckless indifference to the plaintiff's federally protected rights and that punitive damages should be assessed against the defendant.

    Answer Yes or No _____

    If you answer was Yes,

    In what amount?    $_____

    SO SAY WE ALL

                                                    _____
                                                     Foreperson

DATE:_____

GIVEN: _____     DENIED: _____

      Respectfully submitted this the 12th day of February, 2007.

                                                  /s/ Wallace D. Mills
                                                Wallace D. Mills
                                                Assistant City Attorney

OF COUNSEL:
CITY OF MONTGOMERY
LEGAL DIVISION
POST OFFICE BOX 1111
MONTGOMERY, ALABAMA  36101-1111
(334) 241-2050
(334) 241-2310 FAX

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of February, 2007, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

J. Scott Hooper
The Hooper Law Firm, P.C.
P.O. Box 230894
Montgomery, AL 36123-0894


and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

                                                /s/Wallace D. Mills
                                              Of Counsel