IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MITCHELL BRACKNELL § | |
| § | |
| PLAINTIFF § | |
| § | |
| VS § | CIVIL ACTION NO. 2:06CV-268 |
| § | |
| THE CITY OF MONTGOMERY § | |
| ALABAMA; and Don Favor § | |
| DEFENDANTS § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINIE**

COMES Now Plaintiff and responds to the Defendants Motion in Liminie requesting to allow certain radio traffic and mobile data terminal information which was communicated to Don Favor while in route to 649 Chisholm Street Montgomery, Alabama on February 25, 2007 in response to a 911 call.

Counsel for Defendants has made a motion to request of this court to allow certain testimony concerning a communication to the data terminal (on board computer) in Defendant Favor's police car and also communications from another officer about a Felony Assault Warrant outstanding on or concerning the Plaintiff, Mitchell Bracknell.

OBJECTION BY PLINTIFF

Plaintiff objects to both of these events being allowed to be presented to the jury as each piece of the information promotes to the jury a justification for the shooting of Plaintiff by Defendant Favor. These communications were false and did enhance Defendant Favor's sense of danger about Plaintiff's potential actions.

In *Tennessee v Garner*, 471 U.S. 1 (1985), ... Officers cannot resort to deadly force unless they "have probable cause .... to believe that the suspect [ has committed a felony and ] poses a threat to the safety of the officers or a danger to the community if left at large." ...... The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable. It is not better that all felony suspects die than that they escape.

In the instant case, *Bracknell v City of Montgomery and Favor* CV-06-268, Defendant Favor received two communications, one from dispatch and another from an officer that was false, inaccurate, and both did enhance the state of mind of Defendant Favor to act in a more aggressive manner than if the communications were not given. The only direct information observed by Defendant Favor was at the scene whereby the common law wife of Plaintiff told Defendant Favor "Get him, he will come back."

The words and excitement of Plaintiff's common law wife did not assert that any crime was committed, and certainly that no felony had been committed. Defendant Favor observed a man running away from the dwelling at 649 Chisholm Street and did not stop when Defendant Favor yelled for the man to STOP. Defendant Favor did not verify the accuracy of the police communications before searching for Plaintiff. Defendant Favor later did shoot Plaintiff upon seeing him hiding in a bush next to a brick wall of a house. Defendant Favor stated that he thought he saw Plaintiff holding a shiny weapon in his hand and it looked like a gun pointing at him. Defendant gave no warning or offer for Plaintiff to surrender before shooting.

ARGUMENT

It is unreasonable for Defendant Favor to rely on the false information provided to him by his dispatch with the use of the computer in his vehicle and the other officer to have communicated to Defendant Favor that Mitchell Bracknell has a felony assault warrant outstanding.

If allowed to rely on false information to invoke Qualified Immunity for the improper actions of police officers, it will become standard policy to send false information to all policemen in similar situations. It is irresponsible and unreasonable for the police dispatch to have sent the false information to Defendant Favor when responding to the call at 649 Chisholm Street on February 2006. It is also irresponsible and unreasonable for another officer to communicate to Defendant Favor that a felony assault warrant was outstanding on Plaintiff when such is false. It was unreasonable for Defendant Favor to rely on the false information before pursuing the search and attempted arrest of Plaintiff before verifying if the information's accuracy.

Plaintiff, after being shot and then arrested, was only charged with a misdemeanor charge of harassment of his common law wife and for violation of a restraining order of the City of Montgomery Municipal Court for coming to the residence of his common law wife, also a misdemeanor. Plaintiff was not found guilty in Municipal Court for the harassment charge but was convicted of the violation of the restraining order charge.

Plaintiff was not charged with any felony for the events of February 25, 2006; It was irresponsible for the other policemen to provide false information to Defendant Favor; It was unreasonable for Defendant Favor to act as he did without any credible and verified information that would support an arrest for a felony.

CONCLUSION

If the motion in liminie is granted and Defense Counsel is allowed to use the inaccurate information that was provided to Defendant Favor just prior to shooting Plaintiff, it will be prejudicial to Plaintiff in that such false information would suggest that Defendant Favor was justified in claiming that he felt that he was in danger in pursuing Plaintiff and therefore justified in claiming Qualified Immunity.

This is contrary to the holding in *Tennessee v Garner* in that the court ruled that it is only reasonable to use deadly force to facilitate an arrest with the use of deadly force when a serious felony has been committed. This principal implies that the policeman must know of or witness the felony in question. In this case Defendant Favor did not have direct knowledge of or verify the information given to him that turned out to be false. Plaintiff had no weapon on his person; Plaintiff made no aggressive act toward Defendant Favor; after hiding in a bush, Plaintiff was not running away but trying to hide from police; No felony was committed by Plaintiff; Plaintiff was not charged by police with any felony after the arrest; An intense search of the area by police did not turn up any weapon.

It is unreasonable for the jury to be allowed to hear the events of the message on the computer and the communication from the other officer about a felony assault warrant for Plaintiff as the same may tend to allow justification of the Defendant to claim Qualified Immunity.

Therefore Defendants' motion in liminie is due to be DENIED.

RESPECTFULLY SUBMITTED on this the ___19th___ day of February 2007.

                                                **/s/J. Scott Hooper**
                                                **J. Scott Hooper**
                                                **Attorney for Plaintiff**

**of counsel:**
**The Hooper Law Firm, PC**
**P.O. Box 241493**
**Montgomery, AL 36124-1493**
**Phone Office: 334-271-1555**
**Phone Fax:     334-271-1552**
jshooper@knology.net

### Certificate of Service

I hereby certify that on the **19th** day of February 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

**Wallace D. Mills**
**City of Montgomery Attorney's Office**
**P.O. Box 1111**
**Montgomery, AL 36101-1111**

                                                **/s/J. Scott Hooper**